UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VESKO BORISLAVOV ANANIEV,

Plaintiff,

v.

WELLS FARGO BANK, NA, *et al.*,

Defendants.

Civil Action No. 12-1804 (BAH)

Judge Beryl A. Howell

## MEMORANDUM OPINION

Plaintiff Vesko Borislavov Ananiev, who is proceeding *pro se,* has brought two claims against eight named and ten unidentified "Doe" defendants allegedly involved in the foreclosure of his Sonoma County, California home. The plaintiff seeks various relief, including a declaratory judgment with respect to the title of this California property and an injunction against any eviction from or foreclosure of the property on grounds that actions against the property violate his due process rights, have caused intentional infliction of emotional distress, and violate a consent judgment entered against multiple financial entities, including Wells Fargo Bank, N.A. ("Wells Fargo"), in an unrelated matter pending in this Court ("Unrelated Consent Judgment").[1]

Pending before the Court are four motions, pursuant to Federal Rule of Civil Procedure 12(b)(2), (3), and (6), to dismiss this action for lack of personal jurisdiction, improper venue and failure to state a claim, by seven of the named defendants either individually or in groups as follows: (1) the Superior Court of California has moved to dismiss the complaint on all three grounds, *see* Super. Ct's Mem. in Supp. of Def.'s Motion to Dismiss, ECF No. 3-1, at 3–5

---

[1] In addition to the moving defendants, the plaintiff has named Wells Fargo as a defendant. The plaintiff has filed no proof that Wells Fargo was properly served within the requisite 120 days of the filing of the complaint are permitted for service under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(m). In any event, Wells Fargo has not appeared or filed any responsive pleading. The ten "Doe" defendants have not been named or served.

1

("Super. Ct. Mem."); (2) the law firm of Rosenthal Withem & Zeff and three of its partners, Robert L. Rosenthal, Michael L. Withem, and Michael D. Zeff (collectively, the "Law Firm Defendants") have also moved to dismiss on all three grounds, *see* Law Firm Defs.' Mem. in Supp. of Mot. to Dismiss, ECF No. 5-1, at 4–6, 10–12 ("Law Firm Mem.");[2] and (3) Aurora Bank, FSB ("Aurora Bank") and Aurora Loan Services, LLC ("ALS") have moved to dismiss only on grounds of improper venue, *see* Aurora Bank & ALS's Mem. in Supp. of Defs.' Mot. to Dismiss or in the Alternative to Transfer Venue, ECF No. 9-1, at 3–5 ("Aurora Mem."). For the reasons set forth below, the defendants' motions to dismiss the complaint for improper venue are granted, and the Court finds that transfer in lieu of dismissal is not in the interest of justice.[3]

## I. BACKGROUND

### A. PLAINTIFF'S MORTGAGE

In 2004, the plaintiff obtained a mortgage in the amount of $511,200 from non-party International Home Capital Corporation ("IHCC"), that was secured by a deed of trust on real property at 1243 and 1247 Kodiak Court, Santa Rosa, California (the "California Property"). *See* Compl. Ex. E. ("Deed of Trust"), ECF No. 1-1. Through subsequent transactions that occurred without the involvement of the plaintiff, IHCC transferred ownership of the mortgage to Wells Fargo, and ALS became the servicing agent with the purported "right to enforce the Note evidencing the debt, and [] the right to receive payment of the debt for and on behalf of the owner of the debt." Compl., Exs. A, B, C (Letter, dated Nov. 24, 2010, from ALS's law firm Kahrl Wutscher LLP), ECF No. 1-1, at 2, 4. In May 2012, Aurora Bank "acquired title to the Property at a Trustee's Sale following foreclosure proceedings," and, as discussed below, shortly

---

[2] The Law Firm Defendants have filed two identical motions to dismiss, *see* ECF Nos. 5 & 6, and, for ease of reference, citations will be made only to the filing at ECF No. 5.

[3] Each of the moving defendants has argued that this case should be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3). Since resolution of the improper venue issue resolves this case, there is no need to address in detail the defendants' alternative reasons for dismissal.

thereafter sought to evict the plaintiff from the California Property. Compl., Ex D (Aurora Bank Complaint for unlawful Detainer, filed on June 22, 2012, in Superior Court of California, County of Sonoma), ECF No. 1-1, at 2 ("Unlawful Detainer Compl.").

### B. PRIOR LAWSUITS REGARDING CALIFORNIA PROPERTY

#### 1. *Plaintiff's Lawsuit in the Northern District of California*

On May 7, 2012, the plaintiff filed a complaint in the U.S. District Court for the Northern District of California against multiple defendants, including Aurora Bank, ALS, and the Law Firm defendants, for the allegedly fraudulent servicing of his loan and for the allegedly fraudulent foreclosure on his property. *Ananiev v. Aurora Loan Servs., LLC, et al.*, No. C 12-2275-SI, 2012 U.S. Dist. LEXIS 95441, *3–4 (N.D. Cal. July 10, 2012). This lawsuit was short-lived since the court granted the defendants' motions to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, with limited leave to amend *Id.* at *22. The plaintiff's effort to amend his complaint against the same defendants was not successful, however. The court granted the defendants' renewed motions to dismiss the amended complaint. *Ananiev v. Aurora Loan Servs., LLC, et al.*, No. C 12-2275-SI, 2012 U.S. Dist. LEXIS 132489, *12 (N.D. Cal. Sept. 17, 2012). The plaintiff's appeal to the U.S. Court of Appeals for the Ninth Circuit apparently remains pending. Compl. ¶ 28; *Ananiev v. Aurora Loan Services, LLC*, No. 12-cv-17108 (9th Cir. 2013).

#### 2. *Aurora Bank's Lawsuit in the Superior Court of California*

While the plaintiff's federal lawsuit was pending, defendant Aurora Bank, on June 22, 2012, filed an unlawful detainer action against the plaintiff in the Superior Court of the State of California, County of Sonoma ("Superior Court"), seeking possession of the California Property. *See* Compl. ¶¶ 6–7, 16; *see also* Unlawful Detainer Compl. at 3. Defendant Michael D. Zeff, an

attorney with the defendant law firm of Rosenthal, Withem & Zeff, represented Aurora Bank in its unlawful detainer action. *See.* Unlawful Detainer Compl. at 3. In its Unlawful Detainer complaint, Aurora Bank claimed that it had acquired title to the property at a trustee's sale on May 15, 2012 and was entitled to possession of the property. *See id.* at 2. The Superior Court found in favor of Aurora Bank and issued a writ of possession. *See* Compl. ¶ 74.

C.     **PROCEDURAL HISTORY**

On November 2, 2012, the plaintiff filed the instant complaint, which totals with exhibits over 150 pages. To the extent that the Court can make sense of the plaintiff's myriad factual allegations, he is alleging that the defendants' foreclosure and eviction efforts with respect to the California Property constitute violations of California state law, the Due Process Clause, the Fair Debt Collection Practices Act and the Unrelated Consent Judgment. *Id.* ¶¶ 42–86. Apparently underlying these claims is the plaintiff's fundamental dispute about whether Wells Fargo and its agent, Aurora Bank, have any rights, or standing, to enforce the loan. *See, e.g.*, *id.* ¶¶ 5, 7, 10, 12, 16, 45. According to the plaintiff, Wells Fargo and Aurora Bank "are not the original lender" and "are strangers to the transaction and have absolutely no property interest in the note and deed of trust." Compl. ¶ 13. The plaintiff, as noted, seeks declaratory relief, including the issuance of a cease and desist order preventing Aurora Bank from finalizing foreclosure actions against the plaintiff, as well as compensatory and punitive damages. *Id.* at ¶¶ 45, 89–91, 97–99.

The plaintiff asserts that "jurisdiction to hear this case" is proper in this Court because "this court issued a prior ruling in the United States v. Bank of America, et al. case number 12 0361," Compl. ¶¶ 1, 45, referring to the Unrelated Consent Judgment. That consent judgment requires that certain financial service entities, including Wells Fargo, comply with certain loan servicing standards and further provides that "[Wells Fargo's] obligations under this Consent

4

Judgment shall be enforceable solely in the U.S. District Court for the District of Columbia." Consent Judgment at ¶¶ 6–8, *United States v. Bank of Am. Corp.*, No. 12-CV-361 (D.D.C. Apr. 4, 2012), ECF No. 14 ("Unrelated Consent Judgment"). The Unrelated Consent Judgment limited any enforcement actions to "any Party to this Consent Judgment or the Monitoring Committee." Unrelated Consent Judgment, Ex. E ("Enforcement terms"), ECF No. 14-1, at E-14–15. The only named party in the instant action that is a party to the Consent Judgment is Wells Fargo. *See generally* Unrelated Consent Judgment.

Pending before the Court are motions by all moving defendants to dismiss this action for improper venue, as well as motions by the Superior Court and the Law Firm Defendants to dismiss the complaint for failure to state a claim. For the reasons explained below, the motion to dismiss for improper venue is granted.

## II. LEGAL STANDARD

### A. Improper Venue

To prevail on a motion to dismiss for improper venue, under Rule 12(b)(3) of the Federal Rules of Civil Procedure, "'the defendant must present facts that will defeat the plaintiff's assertion of venue.'" *See Slaby v. Holder*, 901 F. Supp. 2d 129, 132 (D.D.C. 2012); *See also Wilson v. Obama,* 770 F. Supp. 2d 188, 190 (D.D.C. 2011) (quoting *Khalil v. L–3 Commc'ns Titan Grp.,* 656 F. Supp. 2d 134, 135 (D.D.C. 2009)). Nevertheless, the burden remains on the plaintiff to establish that venue is proper since it is "'the plaintiff's obligation to institute the action in a permissible forum . . . .'" *Williams v. GEICO Corp.,* 792 F. Supp. 2d 58, 62 (D.D.C. 2011) (quoting *Freeman v. Fallin,* 254 F. Supp. 2d 52, 56 (D.D.C. 2003)); *see also* 14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3826 (3d ed. 2012)

("[W]hen [an] objection has been raised, the burden is on the plaintiff to establish that the district he [or she] chose is a proper venue.").

In reviewing such a motion, the court "'accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor.'" *Wilson,* 770 F. Supp. 2d at 190 (quoting *James v. Verizon Servs. Corp.,* 639 F. Supp. 2d 9, 11 (D.D.C. 2009)). "The Court, however, need not accept the plaintiff's legal conclusions as true, and may consider material outside the pleadings, including undisputed facts evidenced in the record, to determine whether it has jurisdiction in the case." *Ebron v. Dep't of Army,* 766 F. Supp. 2d 54, 57 (D.D.C. 2011) (citing *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.,* 402 F.3d 1249, 1253 (D.C. Cir. 2005); *Coal. for Underground Expansion v. Mineta,* 333 F.3d 193, 198 (D.C. Cir. 2003); *Herbert v. Nat'l Acad. of Sci.,* 974 F.2d 192, 197 (D.C. Cir. 1992); *Haley v. Astrue,* 667 F. Supp. 2d 138, 140 (D.D.C. 2009)).

### B. Failure to State a Claim

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a complaint must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief." *Twombly,* 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678

6

(2009) (quoting *Twombly,* 550 U.S. at 557) (alteration in original). The Supreme Court stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

*Pro se* plaintiffs are "[held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Rogler v. U.S. Dep't of Health and Human Servs.*, 620 F. Supp. 2d 123, 127 (D.D.C. 2009). Nevertheless, "even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

As noted, the plaintiff is seeking declaratory, injunctive, and monetary relief to prevent his eviction and the finalization of a foreclosure sale on the California Property and to compensate him for the allegedly unlawful foreclosure. Compl. ¶¶ 97–106. Based apparently, at least in part, on his allegation that the defendants conspired with Wells Fargo "in violation of the consent [judgment]," *id.* ¶ 47, the plaintiff has filed his lawsuit in the District of Columbia, *id.* ¶ 1. As explained below, the Court agrees with the defendants that this jurisdiction is not the proper venue for this action and further finds that dismissal, rather than transfer, is appropriate because the plaintiff has also failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

### A. Venue is Improper in the District of Columbia

The applicable general venue statute, 28 U.S.C. § 1391(b)(1),[4] provides three bases for venue. First, venue is proper in a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). In this case, the complaint alleges that all the named defendants reside in California and not the District of Columbia. Compl. ¶¶ 73–74. Second, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). According to the complaint, none of the alleged actions committed by the defendants occurred in the District of Columbia. *See generally* Compl. Specifically, the foreclosure sale and the allegedly unlawful detainer order emanated from the California Superior Court and involved the California Property located in that state. Compl. ¶ 19. *See Murdoch v. Rosenberg & Assocs, LLC*, 875 F. Supp. 2d 6, 11 (D.D.C. 2012) (venue in the District of Columbia was not appropriate when a lawsuit was brought against law firm that conducted foreclosure in Maryland). Finally, if no other district is appropriate, venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). Here, the Court need not reach the issue of whether "any defendant is subject to the court's personal jurisdiction," because the predicate requirement is not met. Specifically, there is another district that would be appropriate to hear this matter and that district is where the disputed California Property is located, to wit: California.

---

[4] This statutory provision states, in full: "A civil action [where jurisdiction is not founded solely on diversity of citizenship] may be brought only in (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In short, the lack of proper venue for this case in the District of Columbia is plain. The complaint contains no allegations that any of the defendants reside in the District of Columbia, that the property at issue is located in the District of Columbia, that the allegedly unlawful servicing of the loan took place in the District of Columbia, or that the allegedly unlawful foreclosure or detainer action on the plaintiff's property had any connection to this jurisdiction.

Nevertheless, the plaintiff asserts that venue is proper in this jurisdiction due to the Unrelated Consent Judgment. Compl. ¶ 1. The plaintiff has misperceived the scope and effect of that judgment. The Unrelated Consent Judgment provides that the "Servicer's obligations under this Consent Judgment shall be enforceable solely in the U.S. District Court for the District of Columbia," but that enforcement actions under the Consent Judgment may only "be brought by any Party to this Consent Judgment or the Monitoring Committee." Unrelated Consent Judgment, Ex. E. at E-14-15. The Unrelated Consent Judgment simply does not create a private right of action allowing third parties, such as the plaintiff, to bring claims for alleged violations of the Judgments, let alone unrelated claims in this jurisdiction. *Accord Beckett v. Air Line Pilots Ass'n*, 995 F.2d 280, 288 (D.C. Cir. 2993) ("Only the Government can seek enforcement of its consent [judgments] . . . therefore, even if the Government intended its consent [judgment] to benefit a third party, that party could not enforce it unless the [judgment] so provided."); *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 849 (D.C. Cir. 1995) ("Unless a government consent [judgment] stipulates that it may be enforced by a third party beneficiary, only the parties to the [judgment] can seek enforcement of it."). The plaintiff was not a party to the Unrelated Consent Judgment and is, therefore, a third party without any standing to enforce its terms. Accordingly, the plaintiff's reliance on the Unrelated Consent Judgment as the basis for venue in the District of Columbia is simply misplaced and venue in this jurisdiction is improper.

## B. Dismissal Rather than Transfer is Appropriate

Under 28 U.S.C. § 1406(a), the district court shall dismiss an action filed in an improper venue or, if it is in the interest of justice, transfer such case to any district in which it could have been brought. The decision of whether dismissal or transfer is "in the interest of justice" is committed to the sound discretion of the district court. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983); *Corbett v. Jennifer*, 888 F. Supp. 2d 42, 46 (D.D.C. 2012). While "[a]s a general matter, a transfer of the case is favored over a dismissal," *Murdoch*, 875 F. Supp. 2d at 11 (quoting *Jones v. United States*, 820 F. Supp. 2d 58, 61 (D.D.C. 2011)), dismissal is appropriate where the plaintiff's claims have "obvious substantive problems." *Laukus v. United States*, 691 F. Supp. 2d 119, 127 (D.D.C. 2010) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (district courts may take a "peek at the merits" when deciding whether a transfer is in the interests of justice)); *Buchanan v. Manley*, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998) (no abuse of discretion for district court to dismiss rather than transfer where there were "substantive problems" with the plaintiff's claims); *Roman-Salgado v. Holder*, 730 F. Supp. 2d 126, 131 (D.D.C. 2010) (dismissing rather than transferring case for improper venue where "it appears that the complaint in its current form would likely face dismissal without prejudice for failure to state a claim"); *Doe v. Lucero*, 2010 U.S. Dist. LEXIS 60741, *3 (D.D.C. June 4, 2010) (not in the interests of justice to transfer the case, "because, as drafted, the complaint fails to state a claim upon which relief may be granted").

Review of the plaintiff's claims here demonstrates significant substantive problems with the claims such that transfer of this case to the U.S. District Court for the Northern District of California, where the disputed California Property is located, would be not be in the interests of

justice. Consequently, the Court concludes that the complaint must be dismissed for the following reasons.

First, transfer of this case to the Northern District of California would be futile. That court has already considered the plaintiff's virtually identical claims brought against some of the same defendants and dismissed them. *See Ananiev*, 2012 U.S. Dist. LEXIS 95441 at *8 (directing the plaintiff not to predicate his wrongful foreclosure claims on "meritless theories"); *Ananiev*, 2012 U.S. Dist. LEXIS 132489 at *9–12 (dismissing the plaintiff's allegations against Aurora Bank, ASL, and the Law Firm Defendants for failure to state a claim upon which relief may be granted). Under claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction. *See Porter v. Shah,* 606 F.3d 809, 813 (D.C. Cir. 2010). A review of the plaintiff's prior lawsuit indicates that all four of these factors have been met. Moreover, a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action." *Drake v. FAA,* 291 F.3d 59, 66 (D.C. Cir.2002) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)) (emphasis in original). Thus, any new claims raised here could have been raised in the prior action. Therefore, the plaintiff's claims, which were previously asserted in California or even could have been asserted in that case, would be barred.

Second, the doctrine of sovereign immunity precludes the plaintiff's claims against the Superior Court. The Eleventh Amendment protects states from suit without their consent. *See Alden v. Maine*, 527 U.S. 706, 730 (1999). The sovereign immunity provided by the Amendment draws on principles of federalism and comity, *see id.* at 738–39; *Idaho v. Coeur d'Alene Tribe of*

*Idaho*, 521 U.S. 261, 268 (1997), and protects both state dignity and state solvency, *see Hess v. Port Auth. Trans–Hudson Corp.*, 513 U.S. 30, 52 (1994). "Determining what entities are entitled to claim immunity tracks a simple constitutional line: Eleventh Amendment sovereign immunity belongs to the states." *City of Oakland ex rel. Bd. of Port Comm'rs v. Fed. Mar. Comm'n*, Civil No. 12-1080, 2013 U.S. App. LEXIS 15214, *6 (D.C. Cir. July 26, 2013) (citing *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 400 (1979)).

This means that sovereign immunity attaches only to entities that are functionally equivalent to states ("arms of the State") or when the suit effectively operates against the state. *See N. Ins. Co. of N.Y. v. Chatham Cnty.*, 547 U.S. 189, 193 (2006). When deciding whether a state entity may invoke the State's immunity, the court must examine the "nature of the entity created by state law." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (quoting *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977)). Here, the Superior Court is effectively the arm of the state because, although the county pays most of the Superior Court's bills, the California State Constitution makes clear that the lower courts are part of state government. CAL. CONST. art. VI, § 1. In fact, "the [Superior] court derives its power from the State and is ultimately regulated by the State." *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). Accordingly, the complaint fails to state a claim against the Superior Court.

Third, the plaintiff fails to state a claim against the Law Firm Defendants, whose actions being challenged in this lawsuit were privileged. The plaintiff's allegations make plain that that the Law Firm defendants have been named as defendants in this lawsuit due to the plaintiff's view that these defendants impermissibly filed an unlawful detainer complaint against the plaintiff. Compl. ¶¶ 6–7; Law Firm Mem. at 3. The defendants argue persuasively that the filing

12

of the complaint was privileged under California law. *Id.* at 11. California Civil Code § 47 provides that a "publication . . . made . . . in the proper discharge of an official duty . . . in any . . . judicial proceeding" is "privileged." CAL. CIV. CODE §§ 47(a)-(b). The California Supreme Court has held that this privilege applies to any communication "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action . . . ." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006) (citations omitted). "In addition to communicative acts in a judicial proceeding, the privilege 'applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation.'" *Lopez Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158, 1161 (N.D. Cal. 2007) (quoting *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)). Accordingly, California courts have held that pleadings and proceedings, even potentially those occurring before or after the lawsuit, that have "some relation" to the lawsuit are privileged. *Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993).

The Law Firm Defendants filed a complaint against the defendant, and this act is a quintessential judicial communication. *Id.* at 1194 (finding the complaint and subsequent pleadings in the litigation were privileged). While their conduct would not relieve the attorneys of liability under the state-based tort of malicious prosecution, *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1099 (C.D. Cal. 2006), "few communicative acts [fall] more clearly within the scope of the privilege than those alleged in" a complaint. *Rubin,* Cal. 4th at 1195. Accordingly, the plaintiff has failed to state a claim against the Law Firm Defendants.

Finally, the plaintiff's conclusory statement that Aurora Bank and ALS did not "have the power" to sell his foreclosed property, Compl. ¶ 6, and did not supervise attorneys involved in the foreclosure action, Compl. ¶ 20, are essentially a regurgitation of allegations raised against the

13

same defendants in the U.S. District Court for the Northern District of California. *Ananiev*, 2012 U.S. Dist. LEXIS 132489 at *1 (dismissing the plaintiff's allegations against Aurora Bank, ALS, and the Law Firm Defendants for failure to state a claim upon which relief may be granted). As such, these claims would be subject to claim preclusion, as discussed above, and barred.

## IV. CONCLUSION

For the reasons stated above, the Court grants the defendants' motions to dismiss for improper venue. An appropriate Order accompanies this Memorandum Opinion.

Date: September 12, 2013

_____
BERYL A. HOWELL
United States District Judge